Ashburn, J.
The defendant, Thomas McGehan, was in-dieted in Butler county, Ohio, for murder in the first degree. Afterward, on his motion, the Court of Common Pleas of Butler county changed the venue to Warren county. Upon the trial in Warren county, the jury being unable to agree was discharged, and thereupon the defendant made a motion and showing to the Court of Common Pleas in Warren county for a second change of venue. This motion was resisted by the prosecuting attorney, but the court made an order that the cause be transferred for trial to the county of Montgomery. To this judgment and order of the court in granting this second change of venue the prosecuting attorney excepted, as provided, in section *282 157, 66 Ohio L. 310,311. A bill of exceptions was properly authenticated, and allowed to be filed in the’ Supreme Court. The power of the Court of Common Pleas in Warren county to order this second change of venue is the question presented by the record for our consideration.
The judge who made the order claims in his brief that by virtue of the state constitution and common-law principles, the court had legal authority to make the order. In this we think the court was mistaken. It is true that the bill of rights accords to every person accused of crime a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed. It is settled that the constitutional provision creating the Court of Common Pleas can not execute itself. The law of its creation gives it neither jurisdiction nor power to act. The provisions relating to it are to be enforced by appropriate legislation. Section 4 of article 4 of the constitution declares that “ the jurisdiction of the Courts of Common Pleas and of the judges thereof shall be fixed by law.” The bill of rights is an enunciation of axiomatic truths and principles, some of them originating in the common law, some at a day far anterior to the origin of what is known as common law, and some growing out of the conditions and necessities of the present time. This provision of the constitution has been under consideration by the Supreme Court. In the case of Stevens v. The State of Ohio, 3 Ohio St. 453, the court held: “ The constitution confers no jurisdiction whatever upon the Court of Common Pleas in either civil or criminal cases. It is made capable of receiving jurisdiction in all cases, but can exercise none until conferred by law.”
The statute in force on the subject of change of venue when this second order for change of venue was made is found in 66 Ohio L. 305, and provides : See. 121. “ All criminal cases shall be tried in the county where the offense was committed, unless it shall appear to the court by affidavits that a fair and impartial trial can not be had therein; in which case the court may direct the person accused to *283 be tided in some adjoining county.” This section is appropriate legislation to enforce the bill of rights upon this question of venue, and confers jurisdiction upon the court in the county where the offense was committed to make an order that the accused may be tried in an adjoining county. When a statute directs the time when, the manner, and court that shall have jurisdiction over a subject-matter, and no provision is made for a rehearing in the same court, jurisdiction once exercised is exhausted, and a court of coordinate power could not, at another time and place, take jurisdiction of the same subject-matter.
After an order for change of venue is made, the statute points out the manner and by whom it shall be executed. Section 122, criminal code, provides that the “ clerk of the county where the indictment was found . . . shall make out a certified transcript of all the proceedings in the ease, which, together with the original indictment, he shall transmit to the clerk of the court to which the venue is changed.” This duty is required of the clerk of the county where the offense was committed, and permitted to no other.
Section 86 of the code requires that the indictment, when presented to the court, be filed with the clerk, “ who shall indorse thereon the day of the filing,” etc., and at the end of the term to deliver all indictments not disposed of to the prosecuting attorney for safe-keeping. This original indictment must remain in the county where found by the grand jury until transferred upon a-change of venue. No authority whatever is given to the clerk of the court in the county to which venue is changed to make out a transcript of the proceedings in his county, and transfer the indictment to some other county. He can not lawfully part with the possession of the indictment thus transferred to him, nor can the court lawfully authorize him to do so.
Section 123 provides that “ •when a change of venue is ordered, a warrant shall be issued directed to the sheriff, commanding him safely to convey the prisoner to the jail of the county where he is to be tried, and there to be kept *284 by the jailer thereof until discharged by due course of law.” No authority whatever is given in the statute to order the transfer of the prisoner to the custody of a jailer in another county.
The judge claims that the action of the court in Warren county is res adjudicata. This perhaps would be the case was the jurisdiction bestowed upon the court to inquire into the facts at the time and place the order was made. No question of fact or supposed improper exercise of judicial discretion is presented for our consideration. The complaint is that the Court of Common Pleas in Warren county erred in making an order in that court for a change of venue. The facts may be in form res adjudicata, and yet, if the court assumed a jurisdiction unwarranted by the law, its adjudication upon the evidence would not estop this court from inquiring for the law upon which it assumed to act. This complaint appears upon the record. The power in law is denied.
We think the Court of'Common Pleas has no common-law jurisdiction to order a change of venue in a criminal ease ; that by virtue of the statute that court may, upon a proper showing, order a change of venue from the county where the offense was committed to an adjoining county, but the court in such adjoining county has no authority to order a change of venue in such criminal case to some other county. The power to make such order is exhausted in granting the first order for a change of venue.

Exceptions sustained.

Scott, Chief Judge, Day, Wright, and Johnson, J.J., concurred.